# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

*vs*.                                                               CRIMINAL ACTION NO. 1:08CR53

**GALE A. KING,**
**CARL EDWARD DODSON,**
**JODI DARLENE DODSON, AND**
**DEBORAH CAMPBELL**

        **Defendants.**

## ORDER/REPORT AND RECOMMENDATION/OPINION

Before the Court are the Pre-Trial motions of the defendants, Carl Edward Dodson, through counsel, Wells H. Dillon, Jodi Darlene Dodson, through counsel Kumaraswamy Sivakumaran, and Gale King, through counsel William Merriman, particularly identified as: Carl Dodson's "Motion to Dismiss Count One of Indictment Due to Duplicity" [Docket Entry 42] and "Motion to Require Government to Notify Defendant of its Intention to use Certain Evidence" [Docket Entry 43]; and Gale King's "Motion to Dismiss Count One of the Indictment Due to Duplicity" [Docket Entry 59], "Motion for Extension of Time to File Pretrial Motions" [Docket Entry 60], "First Motion to Join in Pre-trial Motions Filed on Behalf of Co-Defendants" [Docket Entry 61], and "Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence" [Docket Entry 62]. Jodi Darlene Dodson filed no motions on her own, but moved the Court for permission to join in the motions of other defendants, which was granted [Docket Entry 45], and subsequently to "Join in Pretrial Motions Filed on Behalf of Co-Defendants" [Docket Entry 64].

## Procedural History

Defendants were indicted by a grand jury attending the United States District Court for the Northern District of West Virginia on July 1, 2008 [Docket Entry 1]. The indictment contains fifty-six (56) counts. For purposes of the present motions, this opinion discusses only Count One of the indictment, which charges the defendants with Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute Fifty (50) Grams or More of Methamphetamine and to Possess and Distribute Listed Chemicals with Intent to Manufacture Methamphetamine, and to Possess and Distribute Listed Chemicals Knowing and Having Reasonable Cause to Believe that the Listed Chemicals Will be Used to Manufacture Methamphetamine." Arrest warrants were issued on July 1, 2008, by United States District Judge Irene M. Keeley. Defendant King was arrested and appeared before the undersigned United States Magistrate Judge on July 30, 2008. Defendants Carl Dodson and Jodi Dodson were arrested and appeared before the undersigned United States Magistrate Judge John S. Kaull on August 5, 2008. Defendant Campbell (who has no motions pending at this time), was arrested and appeared before the undersigned on August 11, 2008.

Pursuant to the Initial Scheduling Order in this matter, Defendant King's Pretrial Motions were to be filed on or before August 18, 2008, Responses by August 28, 2008, and a hearing on any such motions referred to the undersigned would be held on September 10, 2008. King filed no motions prior to the deadline and the hearing was therefore cancelled. On August 20, 2008, the Court was made aware that King had retained William Merriman to represent him. On September 4, 2008, District Judge Irene M. Keeley signed an Order permitting attorney Scott Shough to withdraw from the case and attorney Merriman to appear for Defendant King. On September 10, 2008, attorney Merriman filed four motions on behalf of King, including a "Motion for Extension of Time to File Pretrial Motions" [Docket Entry 60].

2

On August 21, 2008, Carl Dodson advised the Court he had retained new counsel. The Court Ordered George Cosenza be permitted to withdraw as counsel and that Wells Dillon be substituted in his stead. The next day attorney Dillon filed a Motion for Extension of Time to File Pretrial Motions, which was granted. Pretrial motions, if any were to be filed on or before September 2, 2008, responses on or before September 12, 2008, and a hearing on any such motions to be held on September 15, 2008.

A Final Pretrial Conference in this matter is scheduled by the District Court for October 8, 2008. Jury selection and trial is scheduled for October 20, 2008.

Upon review of the pending motions and relevant law, the undersigned concludes that no disputed questions of fact exist. The matters at issue involve only questions of law, and therefore no hearing is required. The matters have been fully briefed in accord with the requirements of the initial scheduling orders and amendments thereto.

Accordingly, the undersigned disposes with and hereby **CANCELS** the motions hearing scheduled for Monday, September 15, 2008, at 10:00 a.m.

**Gale King's "Motion for Extension of Time to File Pretrial Motions" [Docket Entry 60]**

District Judge Irene M. Keeley permitted Defendant King to substitute attorney Merriman for prior attorney Shough on September 4, 2008, which was already past the deadline for filing pretrial motions. According to counsel, however, Mr. Merriman was actually retained by Defendant King on or before August 20, 2008. Counsel asserts that since that date he has been unable to complete a comprehensive analysis on all the information with sufficient detail to file pretrial motions. The United States does not oppose King's Motion.

For reasons apparent to the Court, King's "Motion for Extension of Time to File Pretrial

3

Motions" [Docket Entry 60] is **GRANTED**. Defendant King shall have until September 19, 2008, to file any additional motions. The Government shall file its Response to any such motions on or before September 26, 2008. A hearing on any such motions shall be heard on Tuesday, September 30, 2008, at 9:00 a.m.

### Gale King's "Motion to Join in Pre-Trial Motions Filed on Behalf of Co-Defendants" [Docket Entry 61]

There being no opposition by the United States to this motion and for reasons apparent to the Court, King's Motion to Join in Motions **already filed** on behalf of co-defendants is **GRANTED**.

### Jodi Darlene Dodson's "Motion to Join in Pretrial Motions Filed On Behalf of Co-Defendants" [Docket Entry 64.]

The United States having no opposition to the motion, and for reasons apparent to the Court, the Motion is **GRANTED**. Defendant Jodi Dodson shall be permitted to join in motions **already filed** by other defendants with the exception of the Motion to Enlarge Time filed by King.

### Order Denying Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence

Defendants move the Court, pursuant to Fed. R. Cr. P. 12(d)(2) [sic], for an Order requiring the Government to notify them of its intention to use certain evidence. In particular, Defendants aver that the Government may, in its case in chief, utilize certain evidence which Defendants may be entitled to discover under Rule 16, including but not limited to, statements made by the Defendants, evidence seized from the Defendants, and evidence obtained through the interception of wire and/or oral communications.

In its Response, the Government asserts that it elected to proceed under Rule 12(b)(4)(A), which provides:

4

> **Notice of the Government's Intent to Use Evidence**.
> **(A) At the Government's Discretion**. At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under rule 12(b)(3)(C).

The Government asserts that it has maintained an "open file" in this case, thereby already "notify[ing] the defendant[s] of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C)." The Government asserts in particular that it has disclosed 187 pages of discovery to Defendants' counsel, including evidence of Defendants' statements and evidence seized from Defendants as required by Rule 16. Defendants do not contest this representation by the Government. The undersigned accordingly 1) accepts the Government's representation that it has maintained an open file and disclosed all evidence required by Rule 16 as "fact", and 2) bases this decision on said representation.

Upon consideration of all which, the Court finds the Government has complied with Fed. R. Cr. P. 12(b)(4), by maintaining an open file and, in particular disclosing to Defendants the evidence it is required to disclose under Rule 16. Defendant Carl Dodson's "Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence" [Docket Entry 43] and Defendant Gale King's "Motion to Require Government to Notify Defendant of its Intention to Use Certain Evidence" [Docket Entry 62] are both therefore **DENIED as MOOT.**

**ALL** of which is so **ORDERED**.

# REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTIONS TO DISMISS COUNT ONE OF INDICTMENT DUE TO DUPLICITY

Defendants move the Court to dismiss Count One of the Indictment due to duplicity.[1] Count One of the Indictment charges all four of the defendants as follows:

> From in or about November 2006 and continuing until on or about the date of return of this indictment, at or near Greenwood and West Union in Doddridge County, Clarksburg in Harrison County, Pennsboro in Ritchie County, and New Martinsville in Wetzel County, within the Northern District of West Virginia, and elsewhere, the defendants, **GALE A. KING, CARL EDWARD DODSON, JODI DARLENE DODSON,** and **DEBORAH CAMPBELL**, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree and have a tacit understanding with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United states, to wit: to violate Title 21, United States Code, Section 841(a)(1), 841(c)(1) and 841(c)(2). It was a purpose and object of the conspiracy:
>
> > (1) knowingly and intentionally to manufacture, possess with intent to distribute, and distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance as designated by Title 21, Code of Federal Regulations, Section 1308.12(d)(2); in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and
> >
> > (2) knowingly and intentionally to possess and distribute listed chemicals, that is:
> >
> > > (a) Pseudoephedrine, a List I chemical designated by Title 21, Code of Federal Regulations, Section 1310.02(a)(11), and
> > > (b) Red Phosphorus, a List I chemical designated by Title 21, Code of Federal Regulations, Section 1310.02(a)(25), and
> > > (c) Iodine, a List I chemical designated by Title 21, Code of Federal Regulations, Section 1310.02(a)(29);

---

[1]Defendant Dodson filed his "Motion to Dismiss Count One of Indictment Due to Duplicity" on August 22, 2008 [Docket Entry 42]. Defendant King filed his "Motion to Dismiss Count One of the Indictment Due to Duplicity" on September 10, 2008 [Docket Entry 59]. Defendant Jodi Dodson has joined in these motions.

with intent to manufacture a mixture and substance containing a detectable amount of methamphetamine, a controlled substance as designated by Title 21, Code of Federal Regulations, Section 1308.12(d)(2); in violation of Title 21, United States Code, Sections 846 and 841(c)(1); and

(3) knowingly and intentionally to possess and distribute listed chemicals, that is:

    (a)    Pseudoephedrine, a List I chemical designated by Title 21, Code of Federal Regulations, Section 1310.02(a)(11), and
    (b)    Red Phosphorus, a List I chemical designated by Title 21, Code of Federal Regulations, Section 1310.02(a)(25), and
    (c)    Iodine, a List I chemical designated by Title 21, Code of Federal Regulations, Section 1310.02(a)(29);

knowing, and having reasonable cause to believe, that the listed chemicals will be used to manufacture a mixture and substance containing a detectable amount of methamphetamine, a controlled substance as designated by Title 21, Code of Federal Regulations, Section 1308.12(d)(2); in violation of Title 21, United States Code, Sections 846 and 841(c)(2).

Defendants argue that "Count One is duplicitous in that it joins two or more distinct crimes in a single count," citing United States v. Hawkes, 753 F.2d 355 (4th Cir. 1985). Defendants argue that they are alleged in the one count to have conspired to manufacture, possess with the intent to distribute, and distribute 50 grams or more of methamphetamine, a violation of Title 21, U.S.C. § 841(a)(1), which has a possible penalty of 10 years to life; and "what should be a separate crime of the defendant and others conspiring to possess and distribute listed chemicals with intent to manufacture methamphetamine or knowing and having reasonable cause to believe that the listed chemicals will be used to manufacture methamphetamine, a violation of Title 21, United States Code, Section 841(c)(1) and 841(c)(2), with a possible penalty of not more than 20 years."

7

Defendants finally argue that a "general verdict of guilty" to Count One will not reveal whether the jury found the defendants guilty of one crime and not guilty of the other. Moreover, Defendants argue, a guilty verdict based on this "duplicitous" count will not indicate whether the jury found the defendants guilty without ever having reached a unanimous verdict on the commission of a particular offense.

The United States argues in its Response to each motion that "numerous courts have held that charging multiple objects in a single count of conspiracy is not duplicitous," citing Braverman v. United States, 317 U.S. 49 (1942); United States v. Tedder, 801 F.2d 1437 (4th Cir. 1986); United States v. Aracri, 968 F.2d 15112 (2d Cir. 1992); United States v. Bryant, 46 Fed. Appx. 778, 780 (6th Cir. 2002). The United States therefore argues that, where supported by the evidence, the Government may allege in one count of conspiracy a single agreement to commit several different drug trafficking crimes, as well as other Title 21 offenses. The United States concedes that the jury must be instructed, however, that the verdict must be unanimous on a least one of the objects, citing United States v. Cooper, 966 F.2d 936 (5th Cir. 1992); United States v. Trammell, 133 F.3d 1343 (10th Cir. 1998).

In United States v. Marshall, 332 F.3d 254 (2003), the Fourth Circuit addressed a similar issue. Count One of that case charged that the defendants did

> knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other . . . to knowingly, intentionally, and unlawfully commit offenses against the United States, to wit: (1) knowingly to sell and offer for sale drug paraphernalia in violation of [21 U.S.C.A. § 863(a)(1)]; and (2) knowingly to aid and abet the distribution and possession with intent to distribute [controlled substances].

Defendants in Marshall challenged their convictions in part contending that Count One was duplicitous because it included allegation of two crimes in a single count.

8

The undersigned notes the similarity between the wording of Count One of the indictment in the case at bar and in Marshall. In Marshall, the Fourth Circuit stated:

> The Supreme Court has expressly rejected the contention that such a count, containing allegations of a single conspiracy to commit two or more separate crimes, is duplicitous. The Court reasoned, "[t]he allegation in a single count of conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." Braverman v. United States, 317 U.S. 49, 54, 63 S. Ct. 99, 87 L.Ed. 23 (1942).

A review of Count One of the Indictment in the case at bar clearly shows that Defendants are charged in that count with "a single conspiracy to commit two or more separate crimes." Conspiracy is the crime, "and that is one, however diverse its objects." Based upon Marshall and Braverman and the reasoning therein, the undersigned United States Magistrate Judge finds that Count One is not duplicitous and therefore respectfully recommends Defendants' Motions to Dismiss Count One be **DENIED**.

## **RECOMMENDATION**

For the reasons herein stated, it is **RECOMMENDED** that Defendant Carl Dodson's "Motion to Dismiss Count One of Indictment Due to Duplicity" [Docket Entry 42], and Defendant Gale King's "Motion to Dismiss Count One of the Indictment Due to Duplicity" [Docket Entry 59], as joined in by Defendant Jodi Dodson, both be **DENIED.**

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and

recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Order/Report and Recommendation to counsel of record.

Respectfully submitted this 11th day of September, 2008.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE