# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG

**CARL EDWARD DODSON,**

    Petitioner,

**v.**                                                  **Civil Action No. 1:12-CV-97**
                                                      **Criminal Action No. 1:08-CR-53-2**
                                                      **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel [Civ. Doc. 11; Crim. Doc. 285], filed September 5, 2012. In that filing, the magistrate judge recommends that this Court deny petitioner Carl Edward Dodson's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 275], filed June 11, 2012.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within 14 days of service, pursuant to 28 U.S.C. § 636(b)(1). The petitioner accepted service on September 7, 2012 [Civ. Doc. 13; Crim. Doc. 287] and timely mailed objections on September 17, 2012 [Civ. Doc. 14; Crim. Doc. 288]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II.     Background

Insofar as Magistrate Judge Joel has thoroughly outlined the relevant factual and procedural history in his R&R, this Court repeats here only a condensed version of that summary. On October 8, 2008, the petitioner signed a plea agreement where he agreed to plead guilty to one count of possession or distribution of Pseudoephedrine knowing, or having reasonable cause to believe, that it would be used to manufacture a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Sentencing was set for January 21, 2009. On that day, the petitioner moved to replace his counsel and to withdraw his guilty plea. The Court continued the hearing in order to allow the parties to submit any additional evidence. On February 6, 2009, the petitioner, through new counsel, submitted a Memorandum of Law Regarding Motion to Withdraw Guilty Plea [Crim. Doc. 154] and the Court held a hearing on the issue. The Court denied the petitioner's motion to withdraw his guilty plea [Crim. Doc. 155]. On March

2

5, 2009, the Court sentenced the petitioner to 78 months imprisonment followed by three years of supervised release [Crim. Doc. 172].  The petitioner appealed to the United States Court of Appeals for the Fourth Circuit, challenging this Court's denial of his motion to withdraw his guilty plea, on the grounds that he did not enter his guilty plea knowingly and voluntarily.  The Fourth affirmed this Court's order.  ***United States v. Dodson***, 417 F. App'x 357 (4th Cir. Mar. 18, 2011) (per curiam).  The United States Supreme Court denied a petition for a writ of certiorari.  ***Dodson v. United States***, 132 S. Ct. 217 (2011).

In June 2012, the petitioner filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") [Civ. Doc. 1; Crim. Doc. 275].  The petitioner alleges that the combined ineffective assistance of his second and third lawyers resulted in the petitioner losing a downward adjustment for acceptance of responsibility and receiving an enhancement for obstruction of justice at sentencing.  The petitioner claims that his second attorney, Wells Dillon, was ineffective for failing to discuss with the petitioner the consequences of withdrawing a guilty plea. The petitioner alleges that Elgine McArdle, his third attorney, was ineffective for going forward with a hearing on January 21, 2009, without proper preparation and for failing to discuss the potential consequences of withdrawing a guilty plea with the petitioner until after that hearing.  In July 2012, the Government filed a Response [Civ. Doc. 9; Crim. Doc. 283] countering the petitioner's claims of ineffective assistance of counsel.  The petitioner then filed a reply [Civ. Doc. 10; Crim. Doc. 284], restating much of the information contained in his § 2255 Motion.

On  September 5, 2012 Magistrate Judge Joel filed the instant R&R [Civ. Doc. 11; Crim. Doc. 285], recommending that this Court deny and dismiss the petitioner's § 2255

3

petition in its entirety. The petitioner timely objected [Civ. Doc. 14; Crim. Doc. 288].

The petitioner also filed a Motion to Expedite 2255 [Civ. Doc. 15; Crim Doc. 289]. The petitioner claims that expedited ruling is required because he is not receiving adequate psychiatric counseling for his mental disorders or medical treatment for his Lyme disease, gross hematuria, and herniated disk [Id. at 1–2].

### III. Discussion

#### A. Ineffective Assistance of Counsel Standard

To establish a claim for ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1964). In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice. ***Lafler v. Cooper***, 132 S. Ct. 1376, 1384 (2012).

#### B. *De Novo* Review

In his objections, the petitioner challenges Magistrate Judge Joel's recommendation that the petitioner failed to meet the two prongs of ***Strickland*** to demonstrate any claims of ineffective assistance of counsel. Specifically, the plaintiff asserts that the waiver provision of his plea agreement is void because the base offense level used at sentencing was above the range stated in the plea agreement [Civ. Doc. 14; Crim. Doc. 288 at 3]. Second, the petitioner contests the magistrate judge's finding that petitioner's second counsel, Mr. Dillon, was unaware that the petitioner was intending to hire new counsel or

4

that the petitioner was intending to withdraw his guilty plea [Id. at 5–6]. Third, the petitioner challenges the magistrate judge's finding the Ms. McArdle was not deficient in the performance of her duties as counsel during the petitioner's January 21, 2009, hearing [Id. at 6–9]. Fourth, the petitioner claims that even if the conduct his second and third counsel did not rise to the level of being ineffective assistance of counsel, the cumulative effect of counsels' errors resulted in ineffective assistance of counsel. This Court will review those recommendations in turn *de novo*.

### 1. Claim One: Waiver

The petitioner's plea agreement contained an appellate rights waiver for a sentence imposed using a base offense level of 26 or lower. The petitioner contends that he was sentenced to a base offense level of 27 or higher and "the higher unexpected sentence would void the waiver, which it did." The petitioner confuses base offense level with adjusted or total offense level. Therefore, he is incorrect in his assertion that he was sentenced using a base offense level of 27 or higher.

The petitioner's plea agreement states that, "the defendant will retain his appellate rights and rights to collaterally attack his sentence only with respect to any sentence imposed using a base offense level 27 or higher." [Crim. Doc. 105 at ¶ 12]. At the petitioner's change of plea hearing, Judge Keeley reviewed the plea agreement's provision that the petitioner agreed to not appeal any sentenced received by the Court if the base offense level was 26 or lower [Crim. Doc. 148 at 36–38]. The petitioner informed the Court that he understood the waiver provision [Id.]. At the conclusion of the hearing, the Court determined that the petitioner was competent and capable of entering an informed plea [Id.

at 60]. Further, the Court determined that the plea was made freely and voluntarily, and that the petitioner understood the consequences of pleading guilty [Id. at 60–61]. The petitioner did not object to the Court's findings.

At sentencing, the Court explicitly stated that the "base offense level in this case is a 26" [Crim. Doc. 196 at 41]. Judge Keeley then adjusted the base offense level, adding two levels for obstruction of justice, giving the petitioner an adjusted offense level of 28. The Court found that the petitioner was not entitled to receive a downward adjustment for acceptance of responsibility and the total offense level, therefore, remained at 28 [Crim. Doc. 196 at 41]. Although the *total* offense level was higher than 26, the *base* offense level was 26.

The R&R states that the "Magistrate Judge recommends that the waiver of [the petitioner's] appellate rights at the plea hearing not be considered in this case and that the petition be reviewed on the substantive claim of ineffective assistance of counsel." [Civ. Doc. 11 at 8]. Nonetheless, the petitioner argues that he "conclusively established that the waiver provision is inapplicable in that the proscribed sentence was above the range specifically stated in the plea agreement." The petitioner's statement is incorrect because the Court did not sentence him to a base offense level above 26.

The Court's base offense level determination, therefore, is not grounds for the petitioner to contest the waiver of his right to collateral attack. Even if it were, the issue is immaterial because the magistrate judge recommended that the waiver of the petitioner's appellate rights at the plea hearing not be considered. Accordingly, the petitioner's objections are hereby **OVERRULED** to the extent that they relate to claim one.

6

## 2. Claim Two: Ineffective Assistance of Counsel by Mr. Dillon

In his second claim, the petitioner objects to the magistrate judge's findings regarding his second counsel, Mr. Dillon. In doing so, the petitioner restates many previously asserted claims. The petitioner argues that 1) Magistrate Judge Joel failed to address the petitioner's claims that he was unhappy with his representation, that he was seeking counsel, and that Mr. Dillon did not answer or return telephone calls; and 2) the magistrate judge was incorrect in finding that his attorney was unaware the petitioner was intending to hire new counsel or withdraw his guilty plea. [Civ. Doc. 14; Crim. Doc. 288 at 4–6].

The first objection reiterates the ineffective assistance of counsel claims which were previously addressed by the Court and affirmed by the Fourth Circuit. Therefore, they are procedurally barred. The remaining claim, that Mr. Dillon failed to explain to the petitioner the risks associated with withdrawing his plea, is without merit and will be denied.

### a. Procedurally Barred Claims

During a hearing regarding the petitioner's Motion to Withdraw Plea, he alleged numerous instances of ineffective assistance of counsel. The petitioner claimed that Mr. Dillon failed to properly investigate the case prior to the plea hearing, failed to properly analyze the Sentencing Guidelines and failed to pass information related to the Sentencing Guidelines to the petitioner. The Court heard testimony on the motion from counsel, Mr. Dillon; from the defendant's mother, Ms. Hamilton; from the defendant, Mr. Dodson; and from probation officer Mr. McKee.

Ultimately, the Court denied the petitioner's Motion to Withdraw the Plea. With

respect to the claims of ineffective assistance of counsel against Mr. Dillon, the Court stated the following:

> To justify withdrawing a guilty plea on the basis of ineffective assistance of counsel, Mr. Dodson had to demonstrate that Mr. Dillon['s] actions fell below an objectionably reasonable standard and I cannot find that they did. Even acknowledging a very poorly documented file, even acknowledging that he . . . cannot document that he sent his client the filings. His own client has admitted to help prepare the most important of those filings, the list of witnesses and exhibits and even complained that Mr. Dillon wouldn't list every one of the witnesses that he thought that should be listed, and that he had other exhibits he wanted listed as well. So the fact that Mr. Dillon exercised some judgment in the course of his representation, does not condemn Mr. Dillon's representation to ineffective assistance.
>
> Now the other serious area besides documentation raised by the Defendant, is that Mr. Dillon failed independently to investigate the areas of evidence that inquiry given to him by Mr. Dodson. And that had he done that, it might have changed his advice to Mr. Dodson because there were colorable claims. I'm sorry, there was reasonable belief to believe they were credible witnesses would contradict Mr. King and the Government's other witnesses. Mr. Dillon testified that throughout this, he did not investigate independently, there were what – 13 days left before trial at the time of the plea. While it may not be a perfect world, Mr. Dillon would not be the first defense attorney who began actually contacting witnesses in the time following the final pretrial and the trial itself. But, despite the fact that it would have been much better had he done so before the final pretrial, Mr. Dillon said, I went forward in my preparations on the assumption that these witnesses would testify as Mr. Dodson told me they would, and that their demeanor would make them credible with the jury. So he took the testimony of those witnesses, the proposed testimony into account. It was part of the calculus that he – in which he engaged when he recommended ultimately that Mr. Dodson plead guilty to Count . . . Fifty. . . [T]here is no argument that Mr. Dillon was unfamiliar with the guidelines. There is no argument that he had failed to properly calculate where his client would be under the guidelines.
>
> And there again, I cannot find that but for the failure to conduct the investigation of the independent interviews, it was reasonably probable that Mr. Dodson would have chosen to face trial rather than plead guilty. Was he receiving strong advice from Mr. Dillon to plead guilty, yes. Was it Mr. Dillon's obligation to be emphatic with a client, who from the beginning had closed his mind to the exposure he faced, yes.
>
> I cannot find that the fact that Mr. Dillon was emphatic and forceful

> with his client regarding his recommendation to accept the plea to Count Fifty to be evidence that he rendered ineffective assistance. There is nothing that he failed to uncover that has been brought to my attention by his failure to conduct his investigation. In other words, there is no smoking gun that has been brought to light that would have acquitted Mr. Dodson of Count Fifty, that Mr. Dillon didn't already know about.

[Crim. Doc. 199 at 202–04].

The petitioner appealed to the United States Court of Appeals for the Fourth Circuit on the grounds that "the district court erred in denying [the] motion to withdraw [the] guilty plea." **United States v. Dodson**, 417 F. App'x 357, 358 (4th Cir. 2011) *cert. denied*, 132 S. Ct. 217 (U.S. 2011). The Fourth Circuit affirmed the district court's order. ***Id.***

In the petitioner's § 2255, he reiterated the same claims that he put forth during the hearing for the motion to withdraw plea—that Mr. Dillon failed to prepare for trial and urged the petitioner to accept a plea agreement that he did not want [Crim. Doc. 275, Civ. Doc. 1-2 at 8]. The petitioner also reiterated his complaints regarding the lack of communication between Mr. Dillon and himself between October 2008 and January 2009.

Issues already raised and decided on direct appeal cannot therefore be reconsidered, absent a showing of a change in the law. **Davis v. United States**, 417 U.S. 333 (1974); **Boeckenhaupt v. United States**, 537 F.2d 1182 (4th Cir. 1976). The petitioner's claims, to the extent they reiterate claims decided by the Court and affirmed by the Fourth Circuit, therefore, will be **DENIED**.

### b. Remaining Ineffective Assistance of Counsel Claim

The petitioner's remaining argument regarding Mr. Dillon's alleged ineffective

9

assistance relate to Mr. Dillon's failure to advise the petitioner about the "consequences of his attempt to withdraw his plea." [Crim. Doc. 288, Civ. Doc. 14, at 6]. The petitioner objects to the magistrate judge's finding that Mr. Dillon "had no idea that Petitioner was intending to hire new counsel or that Petitioner was intending to withdraw his guilty plea." The petitioner then points to the transcript of the hearing on the motion to withdraw plea of February 6, 2009, where Mr. Dillon admitted that the petitioner told him that he wanted to withdraw the plea. Although the petitioner is correct that Mr. Dillon was aware that the petitioner wanted to withdraw the plea, it is insufficient to prove that the petitioner was prejudiced by this.

The petitioner has not met his burden of showing ineffective assistance by his counsel. At the hearing regarding the motion to withdraw plea on February 6, 2009, Mr. Dillon testified that Mr. Dodson said he wanted to withdraw the plea [Crim. Doc. 199 at 88]. Mr. Dillon stated that he did not pursue withdrawing the plea because "I will tell you that I indicated that there didn't appear to be a basis for it. He never expressed that he didn't understand the agreement prior to the plea hearing and without that, I . . . couldn't see any basis for withdrawal of the plea." [Id.]. If Mr. Dillon did not see any basis to pursue withdrawing the plea agreement, it was not ineffective assistance of counsel to fail to inform the petitioner of the risks of withdrawing the plea.

The petitioner's argument that Mr. Dillon failed to inform him that attempting to withdraw his guilty plea could result in an obstruction of justice enhancement also fails. Even assuming, *arguendo*, that Mr. Dillon failed to warn him of such a risk, the presentence investigation report recommended an enhancement not because the petitioner moved to

10

withdraw his plea, but because of the petitioner's testimony at the January 21, 2009 hearing and the February 6, 2009 Motion to Withdraw hearing, which occurred after Mr. Dillon no longer represented the petitioner [Crim. Doc. 174 at 19]. The Court warned the petitioner at the withdrawal hearing that testifying in a matter that was materially false during the hearing could expose him to a charge of false swearing or perjury [Crim. Doc. 197 at 3]. Therefore, this Court finds the petitioner's claims lack merit and they should be dismissed. Accordingly, the petitioner's objections are hereby **OVERRULED** to the extent that they relate to ineffective assistance of counsel by Mr. Dillon.

### 3. Claim Three: Ineffective Assistance of Counsel by Ms. McArdle

The bulk of the petitioner's objections relate to the conduct of his third counsel, Ms. McArdle. The magistrate judge states in the R&R that he was unable to find that Ms. McArdle was deficient in the performance of her duties as counsel for the petitioner. The petitioner objects, stating that the January 21, 2009 hearing was the first time that Ms. McArdle ever met with the petitioner and due to the lack of preparation and inability to meet with the petitioner prior to that hearing, Ms. McArdle was ineffective. The petitioner's claims against Ms. McArdle can be summarized as follows: 1) Ms. McArdle was unprepared for the January 21, 2009 hearing; 2) Ms. McArdle failed to advise the petitioner of the consequences of withdrawing his plea agreement until after the January 21, 2009 hearing. This Court agrees with the magistrate judge and adopts his recommendation of dismissal.

#### a. January 21, 2009 Hearing

The petitioner contests the magistrate judge's finding that Ms. McArdle was

prepared to proceed with the motion to withdraw the guilty plea on January 21, 2009. This Court agrees with the magistrate judge's R&R and will overrule the petitioner's objections.

The petitioner claims that "Ms. McArdle was bullied by the Court into going forward at a hearing where she <u>never</u> consulted with her client as to the consequences of his plea change efforts." [Civ. Doc. 14; Crim. Doc. 288 at 2] (emphasis in original).

The petitioner chose to replace counsel immediately prior to the hearing. Upon her retainment, Ms. McArdle filed a motion for continuance prior to the hearing [Doc. 138]. The motion was denied by the Court [Doc. 139]. The Court's refusal to grant a continuance is not grounds to find that Ms. McArdle was deficient in her duties.

Further, at the January 21, 2009 hearing, the Court granted only Mr. Dillon's motion to withdraw as counsel and noticed Ms. McArdle as counsel. The Court did not rule on the motion to withdraw the guilty plea. Instead, the hearing was continued until February 6, 2009. The petitioner was given more than two weeks to speak confer with counsel and determine whether to go forward with the motion to withdraw. Ultimately, the petitioner chose to go forward with the motion, which was denied by the Court after a hearing on the matter on February 6, 2009 [Doc. 155].

### b. Informing Petitioner of the Consequences of Withdrawing a Guilty Plea

The petitioner also contests the magistrate judge's finding that Ms. McArdle was not ineffective in her representation based on failing to advise the petitioner of the consequences of withdrawing his guilty plea until "after the damage had been done at the January 21, 2009" hearing [Civ. Doc. 14; Crim. Doc. 288 at 8].

12

Again, even assuming *arguendo* that Ms. McArdle did not inform the petitioner of the potential consequences of withdrawing his guilty plea until after the January 21, 2009 hearing, the petitioner chose to move forward with the motion to withdraw for several weeks after the January 21, 2009 hearing. The petitioner admits in his objections that after the hearing he was counseled by Ms. McArdle. Thereafter, on February 6, 2009, more than two weeks after the hearing, Ms. McArdle filed a Memorandum of Law Regarding Motion to Withdraw Guilty Plea [Crim. Doc. 154] and the Court held a hearing on the motion [Doc. 155]. Therefore, even if the petitioner had not been aware of the consequences of moving to withdraw his guilty plea during the January 21, 2009 hearing, he was advised after the hearing and continued to move forward with his efforts.

The petitioner does not allege that he would not have gone forward with his motion to withdraw his guilty plea had he known the consequences because he admitted that even after he advised of the potential consequences by Ms. McArdle, he went forward with the motion on February 6, 2009.

Additionally, as previously stated, the Court explained to the consequences of his motion to withdraw his plea and the consequences of lying to the Court during the Rule 11 Plea Colloquy [Crim. Doc. 148 at 5] and during the January 21, 2009 hearing [Crim. Doc. 197 at 3].

As a result, whether Ms. McArdle advised petitioner of the potential consequences of withdrawing his guilty plea before the conclusion of the January 21, 2009 hearing is not grounds for an ineffective assistance of counsel claim. Therefore, the petitioner's objections with respect to the claims of ineffective assistance by Ms. McArdle are hereby

**OVERRULED**.

### 4. Cumulative Effect of Counsels' Errors

The petitioner alleges that the cumulative effect of his second and third counsel's errors amounted to ineffective assistance. A cumulative ineffective assistance of counsel claim is not a basis for habeas relief because matters that are not unconstitutional individually cannot be added together to create a constitutional violation. ***United States v. Hicks***, 307 Fed. App'x 758, 763 (4th Cir. 2009); ***Fisher v. Angelone***, 163 F.3d 835, 853 (4th Cir. 1998). In ***Fisher***, the Fourth Circuit observed that where it is determined that none of counsel's actions amounted to constitutional error, "it would be odd, to say the least, to conclude that those same actions, when considered collectively," deprived the defendant of effective assistance. *Id.* Therefore, to the extent that the Court already determined that Mr. Dillon's and Ms. McArdle's alleged shortcomings did not individually amount to ineffective assistance, the petitioner cannot succeed on a theory of cumulative ineffective assistance of counsel. Accordingly, the petitioner's objection regarding the magistrate judge's failure to consider the cumulative effect of his counsels' alleged errors is **OVERRULED**.

### IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 11; Crim. Doc. 285]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Civ. Doc. 14; Crim. Doc. 288]** are **OVERRULED**. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by

a Person in Federal Custody **[Civ. Doc. 1; Crim. Doc. 175]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE** and the petitioner's motion to expedite ruling **[Civ. Doc. 15; Crim. Doc. 289]** is **DENIED** as moot. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 15, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE